IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **REBECCA NELSON**<br>186 Chartiers Ave<br>Pittsburgh, PA 15205 | ) CIVIL DIVISION<br>)<br>) Docket #:  GD-19-007602 |
| Plaintiff, | ) |
| v. | ) |
| **STATE FARM FIRE & CASUALTY**<br>**COMPANY** (d/b/a State Farm),<br>1 State Farm Plaza<br>Bloomington, IL 61710 | ) **COMPLAINT**<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>) Filed on behalf of:  Plaintiff. |
| Defendant. | ) COUNSEL OF RECORD FOR THIS<br>) PARTY: |

)      David M. Kobylinski, Esquire
)      Pa. ID No.:  92233

)      Peter T. Kobylinski, Esquire
)      Pa. ID No.:  309832

PRAETORIAN LAW GROUP, LLC
515 Court Place, Ste 4
Pittsburgh, PA  15219
(412) 281-6600

1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **REBECCA NELSON** | ) | |
| | ) | CIVIL DIVISION |
| Plaintiff, | ) | |
| | ) | Docket #:  GD-19-007602 |
| v. | ) | |
| | ) | |
| **STATE FARM FIRE & CASUALTY** | ) | **JURY TRIAL DEMANDED** |
| **COMPANY** (d/b/a State Farm), | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.  YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

> Lawyer Referral Service
> Allegheny County Bar Association
> 11th Floor Koppers Building
> 436 Seventh Avenue
> Pittsburgh, PA  15219
> (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **REBECCA NELSON** | ) | |
| | ) | CIVIL DIVISION |
| Plaintiff, | ) | |
| | ) | Docket #:  GD-19-007602 |
| v. | ) | |
| | ) | |
| **STATE FARM FIRE & CASUALTY** | ) | **JURY TRIAL DEMANDED** |
| **COMPANY** (d/b/a State Farm), | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Rebecca Nelson who sues State Farm averring as follows:

### PRELIMINARY STATEMENT

1.      "LIKE A GOOD NEIGHBOR, STATE FARM IS THERE."

2.      These words, from a catchy jingle originally written by Barry Manilow, are a deceptive lie.

3.      State Farm spends millions of dollars each month pushing this jingle through all forms of media for one purpose--to lull potential customers into lowering their guard and into purchasing insurance contracts that cost more than the value of insurance provided.

4.      Rebecca Nelson, like countless others, was lulled into purchasing State Farm's subpar insurance. She found out the hard way, when you actually have a claim, State Farm goes out of its way to find any reason not to pay.

5.      In plaintiff's case, State Farm initially represented to her that it would honor its insurance obligations and caused her to take deleterious actions as a result.

6.      Unfortunately for plaintiff, State Farm resumed its normal business practice of evading its insurance obligations and unlawfully refused to pay Rebecca the insurance benefits she was promised.

7.      This is a wide spread and persistent pattern and practice of defendant. It happens hundreds of times each month.

## PARTIES & VENUE

8.      Plaintiff Rebecca Nelson is an adult individual who resides at 186 Chartiers Avenue Pittsburgh, PA 15205.

9.      Defendant State Farm Fire & Casualty Company (d/b/a State Farm) is a foreign corporation with its principal place of business located at 1 State Farm Plaza Bloomington, IL 61710.

10.     Venue is appropriate in Allegheny County because defendant conducts business within Allegheny County on a regular and continual basis.

## MATERIAL FACTS

11.     Plaintiff purchased her home, located at 186 Chartiers Avenue, Pittsburgh, PA 15205 or around November 12, 2015.

12.     Plaintiff purchased homeowners insurance through defendant State Farm.

13.     She purchased insurance through defendant based upon representations made by defendant and its authorized agent, Greg McDonald.

14.     Greg McDonald informed plaintiff that if she were to ever have a claim that State Farm would take great care of her. In addition, as a result of the constant barrage of advertising, she banked on fact that State Farm was a reputable insurance company. She was not aware that

4

State Farm spends so much on advertising it begins each insurance account in the hole from its advertising expenditure.

15.     Plaintiff relied on and believed the same. Had defendant not made the same, plaintiff would not have purchased homeowner's insurance from State Farm.

16.     In December 2018, plaintiff retained a contractor to repair what appeared to her to be a small amount of water damage near her kitchen window. Plaintiff previously had believed reasonably that the damage was from splashes from the kitchen sink and/or from her window being left open a crack during a rain storm.

17.     The contractor advised plaintiff that the water damage was much more extensive and was caused by her roof being damaged. Plaintiff's roof was damaged in a manner that caused water flowing from her roof to pour into her walls as opposed as going into the roof's adjacent gutter.

18.     The contractor advised plaintiff to retain a public adjuster and to submit an insurance claim to her property insurer.

19.     Plaintiff thereafter hired a public adjuster, Brian Pfister of Pfister Adjusting, Inc., to assist her with submitting a claim to her property insurer, defendant State Farm.

20.     Plaintiff's public adjuster submitted a claim to State Farm on or around December 18, 2018.

21.     As a result of the damage to plaintiff's kitchen, basement and second floor bedroom, plaintiff needed water remediation.

22.     Plaintiff obtained an estimate from ServiceMaster Restore by All Pro ("ServiceMaster"), which came to $8,883.66 for the same.

23.     Plaintiff's public adjuster thereafter telephoned the State Farm claims adjuster to discuss the estimate. The telephone call was recorded. During this conversation, State Farm approved the estimate from ServiceMaster and instructed that plaintiff should proceed with the same.

24.     Relying on State Farm's instructions, plaintiff so authorized ServiceMaster to begin the remediation and drying of her home.

25.     This work required removal of kitchen cabinets, her stove and removal of the wall to studs. As a result, plaintiff's kitchen was rendered unusable for its essential purposes.

26.     As to the second floor bedroom, a wall was removed to studs in order to permit drying.During a telephone conversation with State Farm, plaintiff's public adjuster has advised that plaintiff should begin water remediation and that the same was approved.

27.     In or around April 2019, State Farm sent a contractor to Ms. Nelson's house to inspect the roof. The inspection occurred in the presence of plaintiff's public adjuster.

28.     It was unreasonable and harmful for plaintiff for State Farm to have taken so long to perform this inspection.

29.     During this inspection, State Farm's contractor represented to Ms. Nelson's public adjuster that the damage to plaintiff's home was covered by the terms of the policy.

30.     Subsequent to the inspection, State Farm rescinded its prior representations and denied plaintiff's claim for property damage.

31.     State Farm further refused to pay for the water remediation that it had previously authorized.

32.     Plaintiff's public adjuster thereafter requested that State Farm review the recording of his conversation with State Farm regarding ServiceMaster and provide him with a copy of the same.

33.     State Farm refused, stating that it could not locate the recording. However, State Farm "magically" decided to offer Rebecca $8,883.66 when it learned that she had retained an attorney to investigate its conduct.

34.     As a result of State Farm's denial, plaintiff lacks adequate resources to complete the repairs to her home. She has lived without a kitchen since December 2018, and has had to wash dishes in her bathroom. Plaintiff therefore makes claim for the insurance benefits promised to her by defendant.

35.     In addition, the second floor bedroom remains stripped to its studs and plaintiff's damaged roof remains in its damaged state with an unsightly tarp draped over the same.

36.     State Farm's wrongful denial of her claim has impaired plaintiff's ability to enjoy and occupy her home, and plaintiff makes a claim of damages therefore. These damages were foreseeable to State Farm at the time in entered into an insurance contract with plaintiff, and State Farm promised to prevent and/or minimize the same. Of note, State Farm advertises that its insured can have peace of mind because "like a good neighbor, State Farm is there."

37.     State Farm's wrongful denial of her claim has caused her to suffer severe emotional distress and has caused her to suffer a diminution in her enjoyment of life as well as hedonic damages. Plaintiff makes a claim of damages therefore. These damages were foreseeable to State Farm at the time in entered into an insurance contract with plaintiff, and State Farm promised to prevent and/or minimize the same.

38.     The state of disrepair to plaintiff's home has deleteriously affected her health. Of note, the disrepair to her kitchen has caused plaintiff to experience severe respiratory distress including by not limited to symptoms of severe congestion, severe coughing, fatigue and malaise. Plaintiff makes a claim of damages therefore. These damages were foreseeable to State Farm at the time it entered into an insurance contract.

39.     The deleterious effects to plaintiff's health have caused her to lose wages, and plaintiff makes a claim therefore. These damages were foreseeable to State Farm at the time it entered into an insurance contract with plaintiff.

## COUNT I

## REBECCA NELSON v. STATE FARM

## BREACH OF INSURANCE CONTRACT

40.     The foregoing paragraphs are incorporated herein as if set forth at length.

41.     As set forth above, plaintiff entered into a contract of property insurance with defendant State Farm.

42.     At all times relevant to this matter, plaintiff met all of her obligations and fulfilled all of her obligations in order for her homeowner's insurance policy with State Farm to come into and remain in force.

43.     The damage to plaintiff's roof and the resulting consequential damage to plaintiff's home is covered by the terms of plaintiff's policy, and State Farm is obligated to pay for the same.

44.     State Farm's refusal to pay Rebecca Nelson the insurance benefits to which she is entitled constitutes a wrongful breach of insurance contract.

45.     Plaintiff seeks the expectancy and consequential damages set forth in the foregoing section.

**Wherefore**, plaintiff Rebecca Nelson demands judgment in her favor and against defendant State Farm Fire and Casualty Insurance in an amount exceeding $35,000 exclusive of interest and costs.

**COUNT II**

**REBECCA NELSON v. STATE FARM**

**BAD FAITH INSURANCE PRACTICES, 42 Pa. C.S.A. § 8371**

46.     The foregoing paragraphs are incorporated herein as if set forth at length.

47.     Defendant lacked a reasonable basis in denying the benefits under the policy, and defendant knew of or recklessly disregarded its lack of reasonable basis in denying the claim.

48.     In addition, defendant made numerous representations to plaintiff and her public adjuster and subsequently rescinded the same. In addition, plaintiff believes that State Farm has destroyed or deleted audio recordings of telephone recordings relating to this claim.

49.     Consequently, plaintiff respectfully requests that the Court order the following relief:

      a.     That Defendant be ordered to pay the value of the damage to plaintiff's home as provided for in its Policy;

      b.     Punitive Damages.

      c.     Interest.

      d.     Attorney fees and costs.

**WHEREFORE**, plaintiff demands judgment in her favor and against defendant in an amount exceeding $35,000.00, an award of punitive damages and an award of attorneys' fees in addition to interests and costs.

9

## COUNT III

### REBECCA NELSON v. STATE FARM

### PROMISSORY ESTOPPEL

50.     The foregoing paragraphs are incorporated herein as if set forth at length.

51.     Defendant represented to plaintiff that her property damage claims had been accepted that she should proceed with taking steps to begin repairs including but not limited to water remediation through ServiceMaster.

52.     Defendant communicated this information to plaintiff in a manner in which it knew or should have known that plaintiff would rely upon the same and take actions deleterious to her interests as set forth above.

53.     Plaintiff reasonably relied upon the representations made to her and to her public adjuster and thereafter took actions deleterious to her interests.

54.     Plaintiff seeks an award of damages for the direct and foreseeable losses set forth above.

**Wherefore,** plaintiff Rebecca Nelson demands judgment in her favor and against defendant State Farm Fire and Casualty Insurance in an amount exceeding $35,000 exclusive of interest and costs.

## COUNT IV

### REBECCA NELSON v. STATE FARM

### NEGLIGENT MISREPRESENTATION

55.     The foregoing paragraphs are incorporated herein as if set forth at length.

56.     Defendant represented to plaintiff that her property damage claims had been accepted that she should proceed with taking steps to begin repairs including but not limited to water remediation through ServiceMaster.

57.     Defendant communicated this information to plaintiff in a manner in which it knew or should have known that plaintiff would rely upon the same and take actions deleterious to her interests as set forth above.

58.     Plaintiff reasonably relied upon the representations made to her and to her public adjuster and thereafter took actions deleterious to her interests.

59.     Plaintiff seeks an award of damages for the direct and foreseeable losses set forth above.

**Wherefore,** plaintiff Rebecca Nelson demands judgment in her favor and against defendant State Farm Fire and Casualty Insurance in an amount exceeding $35,000 exclusive of interest and costs.

## COUNT V

## REBECCA NELSON V. STATE FARM

## VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

60.     The foregoing paragraphs are incorporated herein as if set forth at length.

61.     Defendant made promises through its authorized agent and through its massive and concerted advertising campaign that the homeowner's insurance that it provided was of a certain quality and that its insurance benefits would be available in case plaintiff's home suffered damage.

62.     Defendant knew or should have known that its promises to plaintiff were false and misleading. These promises confused and misled plaintiff and were tantamount to fraudulent misrepresentations and/or fraud in the inducement.

63.     Although the representations were made to plaintiff at the time the policy was purchased, plaintiff was unable to determine that the policies lacked the advertised characteristics until their claims for coverage were denied.

64.     The insurance benefits promised by defendant did not match up with the insurance provided to plaintiff. These deceptive promises and guarantees were false when made and defendant knew or should have known the same.

65.     Plaintiff reasonably relied on the representations of defendant.

66.     The foregoing misrepresentations regarding homeowner's insurance were deceptive and caused plaintiff to suffer monetary damages.

67.     The aforesaid misrepresentations and conduct violated the Unfair Trade Practices and Consumer Protection law 73 P.S. § 201-2(4) (v), (vii), (xiv), (ix) and (xxi) by:

(a)     Representing that services have characteristics, uses or benefits when they do not have;

(b)     Representing that its services are of a particular standard or quality when they are of another;

(c)     Failing to comply with the terms of any written guarantee or warranty given at, prior to, or after a contract for the purchase of is made;

(d)     Advertising services with intent not to sell them as advertised;

(e)     Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

68.     As a result of the conduct set forth above, plaintiff has suffered damages by defendant's failure to provide the homeowner's insurance it advertised. Plaintiffs seek an award of damages

12

for the same including interest, attorney fees, litigation expenses and seek all statutory damages under the UTPCPL including treble damages.

**TRIAL BY JURY DEMANDED FOR ALL COUNTS**

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**


_____/s/ David M. Kobylinski_____
David M. Kobylinski, Esquire

*Counsel for Plaintiff*

Dated:  September 26, 2019

13

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

/s/ David M. Kobylinski
David M. Kobylinski, Esquire (PA ID # 92233)

September 26, 2019

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing complaint was served upon the

person listed below by email and first class mail, postage prepaid:

>       Mark A, Martini, Esquire
>       Robb Leonard Mulvihill LLP
>       500 Grant Street, Suite 2300
>       Pittsburgh, PA 15219
>
>       mmartini@rlmlawfirm.com


                    /s/ David M. Kobylinski
                    DAVID M. KOBYLINSKI


September 26, 2019